**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GARY BOHANAN,     :
           : Civil Action No. 12-2020 (FLW)
     Plaintiff, :
           :
     v.    : **OPINION**
           :
JAMES T. PLOUSIS,    :
           :
     Defendant. :

**APPEARANCES:**

Plaintiff pro se

416772B/244570
Mid-State Correctional Facility
PO Box 866
Range Road
Wrightstown, NJ 08562

**WOLFSON**, District Judge

 Plaintiff Gary Bohanan, a prisoner confined at Mid-State Correctional Facility, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

 At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  Having reviewed the petition to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff is a convicted and sentenced state prisoner housed at the Mid-State Correctional Facility in Wrightstown, New Jersey. He brings this Complaint against James T. Plousis, the chairman of the New Jersey State Parole Board, alleging that Plousis "finalized the decision to force [Plaintiff] to serve 4 years, 10 months and 2 days of a fabricated term totally nonexisting after completing concurent [sic] multistate terms released and wrongly brought back to the N.J. prison system."

Plaintiff's factual allegations include a long list of his dates in and out of custody, including a prior escape from Hudson County Jail.  He states that he was released from custody at United States Penitentiary-Canaan in Waymart, Pennsylvania on March 15, 2011 with the stipulation that he were to report to Toler Hall halfway house in Newark, New Jersey.  On March 18, 2011, individuals from the United States Marshals Service arrived

at Toler Hall to arrest Plaintiff on a New Jersey State parole warrant.  He states that he was informed that the time due to be served on a prior State parole violation had not been running concurrent to his previously completed sentence.  He states that on April 4, 2011 he "maxed" his federal sentence and was taken to the Central Reception and Assignment Facility to "answer for an obvious fabricated parole violation."

Plaintiff received the following response on one of his Inmate Remedy complaint forms: "The only term you currently have running is Ind. #0853-05-92 DOJ 8.13.1992 [] Hudson Co.  You paroled on this term 11.3.1997 at that time your max was 12.8.2002.  A warrant was dropped on 2.3.1998 for this term.  You [did] not return to NJ custody for this term until 4.4.2011 which [is when] the term started running again.  As of 4.4.2011 you owe 4 years 10 months 5 days which give you a max of 2.1.2016."

On May 12, 2011, Plaintiff received a "Violation Hearing" from the parole board regarding a parole violation incurred after escaping from the Hudson County Jail on May 31, 1998.

Plaintiff seeks relief in the form of an injunction to compel defendants to immediately release Plaintiff from custody and to credit him with time served towards any mandatory supervision.  Plaintiff also seeks an unspecified declaratory judgment and unspecified punitive damages.

II.   <u>STANDARD OF REVIEW</u>

A.   Standards for a <u>Sua</u> <u>Sponte</u> Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in</u> <u>forma</u> <u>pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua</u> <u>sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to <u>sua</u> <u>sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint

4

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S. Ct. at 1949–50.  See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008)).

B.   Section 1983 Actions

    A plaintiff may have a cause of action under 42 U.S.C. §

1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir.

1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III.  DISCUSSION

    Since Plaintiff challenges time he is currently serving on a

State sentence, his claim would appear to be premature until such

time as the sentence for which he is serving time is overturned

or set aside in a habeas proceeding.  Otherwise, granting

Plaintiff's requested injunctive relief here would invalidate

decisions made at the State level regarding Plaintiff's

incarceration.

6

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.   In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.   411 U.S. at 476.   The prisoners did not seek compensatory damages for the loss of their credits.   411 U.S. at 494.   The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."   Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.   Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state
> tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that
> has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further

instructed district courts, in determining whether a complaint

states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal

judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit,
> the district court must consider whether a judgment in favor
> of the plaintiff would necessarily imply the invalidity of
> his conviction or sentence; if it would, the complaint must
> be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.  But if
> the district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity of
> any outstanding criminal judgment against the plaintiff, the
> action should be allowed to proceed, in the absence of some
> other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that

"a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the

conviction or sentence has been invalidated."  Id. at 489-90.

In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme

Court applied these principles to hold that claims challenging

the validity of general parole procedures are cognizable under §

1983, so long as the prisoner does not seek injunctive relief

ordering his immediate or speedier release into the community, but rather seeks merely a new eligibility review or parole hearing.  "Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)(quoting Wilkinson, 544 U.S. at 81-82.

Here, granting Plaintiff's requested injunctive relief would result in his immediate release.  This Court does not have the jurisdiction to grant Plaintiff's requested relief and thereby invalidate the State court sentence,  since Plaintiff's sole federal remedy on this issue would be to file a writ of habeas corpus challenging his current sentence.  Plaintiff is not entitled to injunctive relief in this matter pursuant to Preiser.

Further, though Plaintiff has not specified an amount, he would not be entitled to any compensatory damages as a result of the claims brought here since Plaintiff has not shown that the conviction has otherwise been declared invalid.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismiss the Complaint for failure to state a claim.  An appropriate order follows.

<u>s/Freda L. Wolfson</u>
FREDA L. WOLFSON
United States District Judge

Dated: 8/7/2012

10